Obert *v.* Obert.

Between PETER G. OBERT and others, appellants, and THROCKMORTON OBERT, respondent.

On a bill for partition, an administrator's deed, made to a third party for the benefit of the administrator, will be set aside, at the instance of the complainant, on equitable terms.

A single recovery in ejectment, if the right be not further controverted at law, will be regarded in equity as decisive of the legal title.

Against a deed made by an administrator for his own benefit, relief may be had (according to the practice in this state) as well at law as in equity.

Where a complainant in a bill for partition has established his title by judgment at law to a part of his undivided share, and as to the residue asks the court of equity, in aid of his title, to set aside a deed made by the defendant, as administrator, for his own benefit, the deed will be set aside, as to such residue, only upon equitable terms, although by the judgment at law it was declared only as against the complainant.

Within what time a claim for relief in equity against a constructive fraud will be barred, depends upon the peculiar circumstances of the case—and these are always examinable.

Claim for relief in equity may be denied on the ground of lapse of time within the period fixed by the statute of limitations.

This cause was decided in the Court of Chancery in February, 1854. The opinion of the Chancellor will be found in 2 *Stockton* 98.

*C. S. Scott* and *J. W. Scott*, for appellants.

*H. V. Speer*, for respondent.

The opinion of the court was delivered by the

CHIEF JUSTICE. The complainant, Throckmorton Obert, filed his bill in the Court of Chancery for partition. The material facts stated in the bill are—that George Obert, the grandfather of the complainant, died, in the year 1820, intestate, seized at the time of his death of a farm, or tract of land, in the county of Middlesex, containing about 255 acres; that the complainant, as one of the heirs at law of George Obert, became entitled, upon his death, to one twentieth, and that he subsequently became entitled, by purchase of other heirs at law, to five other twentieths of the said tract; that after the death of George Obert, and as appears by the answer taken in connection with the statements of the bill at the term of March, 1822, Peter G. Obert, one of the defendants, as the administrator of George Obert, applied to the Orphans Court of the county of Middlesex for a sale of the real estate of the said George Obert for the payment of his debts, and the court, having adjudged the personal estate insufficient, decreed that so much of the real estate should be sold as should be sufficient for the payment of debts; that on the 3d of June, 1822, the administrator made sale of the tract in question to one David Smith for $500, who immediately reconveyed the same to the administrator; that the property was in fact struck off to Smith as the agent of the administrator, and for his benefit; that the said Peter G. Obert, having obtained possession of the said farm, the complainant brought an ejectment in the Supreme Court for his one twentieth thereof inherited from his grandfather; that on the trial of this cause the said administrator's deed to Smith and the reconveyance to Peter G. Obert were set up by way of defence, and were by said court pronounced fraudulent and void; that judg-

Obert *v.* Obert.

ment was recovered in said action by the plaintiff, and the possession of the said one twentieth" thereupon recovered by him, by virtue of a writ of possession issued on said judgment.

The bill charges that the defendant has converted the whole of the premises to his own use, has taken the rents and profits thereof, and has committed waste, by cutting and selling the wood and timber growing thereon to his own use. The bill prays an account and partition. An account was taken, and a partition decreed, pursuant to the prayer of the bill.

From this decree the defendants have appealed. The first and most material ground of complaint is, that by the decree, the administrator's sale by Peter G. Obert, and the conveyance thereon to David Smith, and the reconveyance by Smith to Obert, were declared fraudulent and void as against the complainant, one of the heirs at law of George Obert, the intestate. This question was directly in issue in the action of ejectment brought by the complainant against the lessee of Peter G. Obert, the defendant in this suit. It is the very point which was submitted to, and found by the the jury. Upon that finding, the complainant recovered judgment and the possession of one twentieth of the farm in controversy. As to that portion of the complainant's claim, he has established his title at law. It is objected that a single recovery in ejectment is not conclusive, or was not so at the time of the recovery of that verdict. But the judgment in ejectment is decisive of the legal title, if the right be not further controverted at law. Years elapsed after that recovery before the bill in this cause was filed. A single recovery in ejectment has been held a sufficient establishment of the title at law upon a bill for partition. *Blynman* v. *Brown*, 2 *Vern.* 232.

The complainant acquired title to five other twenty hundredths of the premises pending the action of ejectment, and before he was put into possession. It is insisted,

2 N*

therefore, that when the plaintiff was put into possession of the one twentieth by the sheriff, under the judgment as tenant in common, he went into possession, according to his legal title, not of the one twentieth only, but of the one twentieth to which he was entitled.

It is not perceived that the question as to the extent of the plaintiff's possession can affect materially the point now under consideration. It is clear, from the evidence, that the title of the defendants to the one twentieth, so far as it was at all drawn in question, either by the evidence at law or in this court, is identical with his title to the remaining five twentieths, and that title has been established at law.

But this is not a case in which it was necessary for the complainant to establish his title at law before applying for partition. The complainant seeks to avoid the deed, both on the ground of actual and legal fraud. It was peculiarly a question for a court of equity, and aside from the question of actual fraud, and on the ground, alone, of the legal fraud, upon which the case is made to rest, it was a proper question for the court of equity. The ground on which the sale is sought to be avoided is, that the administrator was the purchaser at his own sale through the agency of a third party. It has been repeatedly held, in this state, that such a deed may be avoided at law, but it has never been questioned that it is also a matter properly and more appropriately to be settled in a court of equity. It is more advantageous to the purchaser that the right should be settled in equity, where his rights and equities may be protected, as in fact they have been in this case. It is manifest that the purchaser has been benefited by having the question, as to the five twentieths of this property, settled in equity. As to that portion, he has been secured his advances with interest. Though this court, in *Mulford* v. *Bowers*, 1 *Stockton* 797, recognises the right of the heir to avoid, in proceedings at law, a deed made by an administrator, directly or indirectly, to

himself, they nevertheless restrained the action until the defendant could have relief in equity, the only tribunal where the real equities between the parties could be settled.

Since the decision in *Mulford* v. *Bowen*, embarrassments in administering effectual relief in equity have been found to arise from the practice of holding the administrator's deed invalid at common law, which had not been experienced and were not anticipated when the opinion in that case was delivered. In the recent case of *Runyon* v. *The Newark India Rubber Co.*, 4 *Zab.* 475, Mr. Justice Elmer, in delivering the opinion of the Supreme Court, expressed decided disapprobation of the practice as adopted in this state. There can be no doubt that, according to the decided weight of authority, the principle, that a trustee cannot be the purchaser of the trust estate is a mere rule of equity, and that, if proper forms are observed, the conveyance is good at law. It is equally clear that the rule has long prevailed in this state, that the deed will be treated as invalid at law as well as in equity, and that, so far as this case is concerned, all question upon that point is concluded by the final judgment of the Supreme Court in favor of the complainant, as to a part of the claim, remaining in full force. As to the residue of the premises claimed by the complainant, the title to which had not been adjudicated at law, the complainant is entitled to come into equity to have the administrator's deed set aside. The validity of the administrator's deed was therefore properly drawn in question in this court. The question has been examined by the Chancellor, and the evidence fully sustains his conclusion, that the sale by the administrator to Smith was in fact a purchase by the administrator at his own sale through the agency of a third party. The fact, that the deed from the administrator to the purchaser, and the reconveyance by the purchaser to the administrator, were both executed at the same time; that they were afterwards simultaneously ac-

knowledged; that no price was paid, or secured to be paid, no possession delivered, or agreed to be delivered, the utter inadequacy of the price at which the property was struck off, and the inability of Smith, for want of means, to pay for the property—all lead to the conclusion, which is directly proved by the evidence, that the sale was in fact a sale by the administrator himself. Such sale is invalid against the heir. It has been avoided in this case upon equitable terms. The purchaser has been allowed his advances with interest. 'He has no ground of complaint.

Nor can sympathy for the purchaser under the administrator defend the title on the ground that he is a *bona fide* purchaser without notice of the complainant's equity. The evidence shows that he had actual notice of the complainant's claim of title, at least as to the one twentieth, and sufficient at least to put him on inquiry 'as to the whole extent of the complainant's claims. The evidence moreover fully warrants the conclusion that Obert is the real owner, and that, as between him and Simpson, no consideration passed. Nor is any part of the complainant's claim barred by the statute of limitations. The judgment and recovery in ejectment protects the one twentieth which the complainant claims as heir at law. The one twentieth purchased of Jane Magie is protected by her infancy, and the four twentieths purchased of Nancy Conklin is protected by her coverture. As to the one twentieth, title had been established in a court of law, and possession recovered.

The most serious obstacle in the way of the complainant's claim to relief is the length of time that has elapsed since the administrator's sale, which forms the subject of complaint.

The sale was made on the third of June, 1822, thirty-six years ago. That fact alone, under ordinary circumstances, would constitute a decisive bar to relief in equity. But the bill in this case was filed in 1844. At the time of

Obert *v.* Obert.

the sale, and for several years afterwards, the complainant himself and his sister, the proprietors of two twentieths of the land in question, were under the disability of infancy. The proprietor of four twentieths was under the disability of coverture, which continued till the interest was conveyed to the complainant after he had commenced proceedings at law. In 1837, the complainant commenced an action of ejectment to recover his share, established his title by judgment at law, and recovered possession of one twentieth of the premises by virtue of a writ of *habere facias* executed in 1843. Before the execution of the writ of possession, he purchased the other five twentieths of the premises to which he now claims title. In 1844, the next year after he had established his title at law, the complainant filed his bill in this cause. As to the one twentieth which the complainant acquired title by descent, there is clearly no *laches* which should prejudice his claim in equity. And as to the five twentieths which he acquired by purchase, the complainant's title had virtually been established at law. If the administrator's sale was invalid as to the one twentieth, it was equally so as to the five twentieths. The defendant had full notice of the claim of the complainant and of the defect in his own title. The complainant was tenant in common with the defendant by virtue of a writ of possession at law as to the one twentieth, with a valid claim to six twentieths. The complainant, therefore, does not stand in the position of a claimant who has slept over his rights.

Nor is it suggested or alleged that the defendant's rights have been prejudiced by the delay. The material facts in the case are clearly established by documentary evidence or by the testimony of living witnesses. No serious doubt rests upon any part of the case. The controversy is not seriously embarrassed by the claims of third parties or by conflicting interests. Under such circumstances, lapse of time constitutes no ground for refusing relief in equity.

Within what time a claim for relief against a constructive fraud will be barred depends upon the peculiar circumstances of the case, and these are always open to examination. The claim for relief in equity may be, and often is denied within the period fixed by the statute of limitations. *Michaud* v. *Girod et al.,* 4 *How.* 503; *Doughty* v. *Doughty,* 3 *Halst. Chan.* 649.

Most of the grounds relied upon by the appellant for a reversal of the decree are fully discussed and satisfactorily disposed of in the opinion of the Chancellor. In the conclusions of the court below, as well as the reasons by which they are supported, I entirely concur.

It is further objected, that if the complainant is entitled to relief, there should be a resale of the premises, or that the defendant should be allowed not only the amount paid for the land with interest, but also the debt due him from the estate. The company may either order a resale of the premises, or treat the purchaser as a trustee for the benefit of the parties interested. It is obvious that, at this remote period, the ends of justice would not be promoted by a resale of the premises. Assuming that the administrator, at the time of the sale, was a *bona fide* creditor of the estate, upon what ground is William Simpson, his alienee, who now claims title to the premises, to avail himself of the fact, that Obert is a creditor of the estate, and therefore entitled to protection?

But there is no satisfactory evidence that Peter G. Obert was at the time of the sale a *bona fide* creditor of the estate, or in any wise entitled to protection on that account against the claim of the complainant.

The decree must be affirmed.

The decision of the Chancellor was affirmed by the following vote:

*For affirmance*—CHIEF JUSTICE, Judges CORNELISON, ELMER, HAINES, RISLEY, WOOD, OGDEN, SWAIN, WHELPLEY, POTTS, VALENTINE.

*For reversal*—Judges VREDENBURGH, COMBS.