WOODBINE LAND AND IMPROVEMENT COMPANY

*v.*

ISAAC RIENER et al.

[Submitted March 11th, 1907. Decided March 13th, 1907.]

All deeds of lots sold by complainant in a settlement established by it contained a covenant that no liquor should be sold on the granted premises except on consent executed with the formalities of a deed.—*Held*, that though liquor has been sold on the tract for a number of years in violation of law and the covenant, and a wholesale liquor license has been issued for three years authorizing sale in a building on the tract, yet, complainant having at no time given even tacit sanction to violation of the covenant, but all sales having been against its honest efforts to prevent such violation, and the delay in filing bill to enforce the covenant having been due to hope that the sale could be otherwise stopped, there has been no waiver of right to enforce the covenant.

---

On bill, answer, replication and proofs.

Complainant seeks to enforce a restrictive covenant contained in a deed made by complainant of lands now owned by defendant Jennie Riener.

In the year 1891 complainant purchased some five thousand acres of land in Cape May county for the purpose of establishing thereon a settlement of Hebrews. The enterprise was for the benefit of the Hebrew race and not for profit, and was conducted by money forming a trust fund left by Baron Hirst for that purpose. The tract was divided into building lots for residences

and into garden lots, which were to remain open, and these lots were for sale to Hebrews. The general plan included the adoption of certain covenants to be inserted in all deeds, and among these was a covenant against the sale of intoxicating liquors, as follows:

"Also, that no spirituous, malt, intoxicating or vinous liquors, preparations or substances in the nature thereof, shall be manufactured, bought, sold or kept for sale as a beverage upon the premises above granted without the written consent first had and obtained of the party of the first part, duly executed and proven under its common or corporate seal, in the same manner that conveyances of land are properly executed and proven in the State of New Jersey."

Over two hundred and fifty conveyances have been made by complainant and each conveyance contains the above covenant, as well as other uniform restrictive covenants. At this time over two thousand people reside on the tract. The lot known as No. 22, block No. 1, in section D, was conveyed by complainant March 4th, 1897, to Emma Pesselnik, and by sundry conveyances the title became vested in defendant Jennie Riener. Defendant Reuben Riener now occupies the lot in question. The bill alleges that defendants are now engaged in the business of selling intoxicating liquors on the lot named in violation of the terms of the covenant above quoted, and seeks the enforcement of the covenant by process of injunction.

The answer admits the violation of the covenant and justifies under the claim that complainant has waived its right to enforce the covenant by permitting violations of the same covenant by other grantees, and also by permitting the violation of other uniform covenants contained in the deeds made by complainant.

*Messrs. Coult, Howell & Smith,* for the complainant.

*Mr. James M. E. Hildreth,* for the defendants.

LEAMING, V. C.

The courts of this state have so frequently given consideration to the enforcement of covenants of this nature that the law con-

-trolling questions of this class may be said to be fully defined. Complainant is clearly entitled to the relief sought unless it has by its conduct lost its right to the aid of this court.   As restrictive covenants in deeds are for the purpose of preserving designed conditions, it necessarily follows that when one who is entitled to enforce them fails to do so, he is liable to be deemed to have acquiesced in the violation and abandoned the scheme originally intended.   If the failure to enforce the covenant has induced physical changes permanently destructive of the harmony of the original scheme designed to be preserved by the covenant, it is manifest that an abandonment must be assumed; but where no substantial change in the conditions sought to be preserved by the covenant has been brought about by the failure to enforce, no good reason appears to exist for treating the failure to enforce as a bar, unless the circumstances of the case clearly disclose acquiescence to a degree manifesting the absence of an intention to preserve the original conditions.   In *Ocean City Association* v. *Chalfant, 65 N. J. Eq. (20 Dick.) 156, 158,* Vice-Chancellor Reed said: "It is only when the person in whom the right to enforce the covenant resides has permitted such infringement of its provisions as results in alterations that cannot be corrected, or which it is manifest there is no intention to have corrected, that he is precluded from further enforcing the covenant."   It has frequently been held that acquiescence may operate as a waiver of the right to enforce covenants respecting the use of the property for certain occupations, without any physical changes of a permanent nature having occurred in the property, but in all such cases it will, I think, be found that such substantial changes have been permitted in the special conditions sought to be preserved by the covenant as to clearly indicate an intention upon the part of the person entitled to enforce the covenant to relinquish the original purpose or scheme defined by the covenant, or that adverse equities have intervened by reason of the failure to enforce the covenant.

In the present case I am unable to find any acquiescence upon the part of complainant amounting to a waiver of its right to enforce the covenant in question.   Liquor has undoubtedly been sold upon the tract in violation of the covenant and in violation

of law for a number of years prior to the filing of the bill, but the evidence satisfies me that complainant has persistently combated the practice in the hope of wholly preventing it without the necessity of an appeal to this court. In every case of illicit sales brought to the knowledge of complainant indictments have been procured at its instance or attempts have been made by complainant to procure indictments. In September, 1903, a wholesale liquor license was granted to Simon Pesselnik by the court of common pleas of Cape May county authorizing him to sell liquor in a building on this tract. In September, 1904, a similar license was granted to Isaac Raynor. In September, 1905, a similar license was again granted to Isaac Raynor. The bill was filed in November, 1905. Prior to this complainant had earnestly endeavored to prevent these licenses by moral influences, and when satisfied that it could not be accomplished in this way the bill in this case was promptly filed. I am entirely satisfied that complainant has at no time given even tacit sanction to the violation of this covenant, and that such violations as have occurred have not only been against the will of complainant but against the honest efforts upon the part of complainant to prevent the sale of liquor on the tract in violation of the covenant, and that the only cause of delay in filing the bill was the hope that the covenant could be controlled by complainant by moral influences and the necessity of filing the bill thus obviated. Under these circumstances there can be no acquiescence in the essential elements of that term, and no adverse equities appear to have arisen by reason of the delay in filing the bill.

Violation of other uniform covenants of the deeds of complainant were also urged as a defence. The testimony was admitted at the hearing, but I deem it irrelevant. The other covenants referred to have no relation to the liquor covenant now in question.

I will advise a decree in accordance with the prayer of the bill.