ALONZO COTTON, respondent,

*v.*

LEWIS M. CRESSE, appellant.

[Argued June 28th, 1912.   Decided November 18th, 1912.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Walker, who delivered the following opinion:

In February, 1901, the complainant entered into a written agreement with Gainer P. Moore, as follows:

"This agreement made this fourteenth day of February, A. D. 1901, between Alonzo Cotton of Ocean City, County of Cape May state of New Jersey, of the first part, and Gainer P. Moore, of the same City, County and State, of the second part, is as follows, to wit:  That we, the parties of the first part and second part, owning properties adjoining each other on the east side of Asbury Avenue below 8th Street, being lots Nos. 438 and 440 enter into a mutual agreement that the said party of the first part may build up to the party line fifty feet of the distance from the property line on Asbury Avenue, and that the said party of the second part may build up to the party line fifty feet from the property line of the street back, that is to say, that each party can use the line one half the distance from street to street which is one hundred feet, provided, he let no part of the building hang over the line; and it is further agreed that if either party desires to erect a building extending more than fifty feet from the property line on either street, he shall not build it nearer the party line than three feet.

"For the true and faithful performance of all which, we set our hands and seals the day and year aforementioned."

The defendants subsequently acquired title to lot No. 438 with actual notice of the agreement.   The complainant long ago built upon his lot and conformed to the lines specified in the covenant. The defendants have commenced to build on their lot in disregard of the agreement and propose to build on the division line where the complainant's building runs to that line, and thus shut off the light and air which the complainant enjoys through appertures in his building.

On behalf of the defendants it is insisted that the covenant in question does not run with the land nor create an easement but is purely personal, and, therefore, is not enforceable. Reliance is largely based upon the case of *People* v. *Railroad, 57 Ill. 436.* That was a case in which the defendant agreed with the owner of an elevator to run a track into it for the delivery of grain. The track subsequently was disused and a portion of it removed. Later, lessees of the premises sought by *mandamus* to compel the restoration and use of the track. Relief was denied on the ground that the agreement was entirely personal between the original parties to it. *Costigan* v. *Pennsylvania Railroad Co., 54 N. J. Law (25 Vr.) 233,* is also relied on by the defendants' counsel. In that case the supreme court refused to give effect to a covenant which was not a grant of an easement nor of a right in the nature of an easement and was one that did not run with the land.

These two cases of *People* v. *Railroad* and *Costigan* v. *Pennsylvania Railroad Co.* are cases at law, and, admittedly, courts of law will not enforce covenants of the kind there under review.

However, a different rule prevails in equity, and it will be enforced in appropriate cases. *Brewer* v. *Marshall, 19 N. J. Eq. (4 C. E. Gr.) 537.* In this case Chief-Justice Beasley, speaking for the court of errors and appeals, said (at *p. 544*) :

"Nor is this doctrine without illustration in our own courts. It was enforced in the case of *Van Doren* v. *Robinson, 16 N. J. Eq. (1 C. E. Gr.) 256.* This was a suit founded on a covenant in a conveyance, whereby the grantee agreed to reconvey to the grantor whenever he, the grantee, should quit the actual possession of the premises. The grantee conveyed to a stranger, who took the title with constructive notice of the covenant. Chancellor Green maintained that this was a mere personal covenant; that it neither ran with the lands nor bound the alienee in equity, but that it would be enforced against such alienee in equity when he was chargeable with notice of the original contract. And in *Holsman* v. *Boiling Spring Bleach Co., 14 N. J. Eq. (1 McCart.) 347,* the same accurate jurist maintained the right of equity to exert its authority in proper cases to prevent injustice, without any dependency on the merely legal rights of

the parties.   And I think it is also manifest from the case of
*Rogers* v. *Danforth, 9 N. J. Eq. (1 Stock.) 294,* that Chancellor
Williamson was of the same mind on this subject, for he re-
marked with reference to a covenant touching lands that he does
not think that it follows that because a suit at law cannot be
maintained, a court of chancery may not protect the rights of
the parties under it.

"From this review of the authorities I am entirely satisfied that
a court of equity will sometimes impose the burden of a cove-
nant relating to lands on the alienee of such lands, on a principle
altogether aside from the existence of an easement or the capacity
of such covenant to adhere to the title.   So far, I think, the law
is not in doubt, and the only question in this case which I have
regarded as possessed of any material difficulty, is whether the
covenant now in controversy is embraced within the proper limits
of this branch of equitable jurisdiction."

The covenant under consideration in the case at bar was in-
tended by the parties to it, as I read it, to be effectual and bind-
ing by way of building restriction upon their adjoining premises,
and upon their successors in title.   For years it was so acted
upon.   True, it could not bind the alienees of either party with-
out notice of its existence, but as actual notice is present in this
case, I think the agreement enforceable under the doctrine of
*Brewer* v. *Marshall, supra.*

Quite apposite is the case of *Whatman* v. *Gibson, 9 Sim. 196,*
observed upon by Chief-Justice Beasley in *Brewer* v. *Marshall*
(at *p. 543*).   There, as here, the restrictions did not exist in a
deed which formed a link in the chain of title, but resided in a
deed made between one time owners of different lots, and the
restrictive covenant was enforced against a purchaser with notice
who had not executed the covenant but derived title under a pur-
chaser who had; and as said by Chief-Justice Beasley at the
same page (543) :

"These decisions proceed·upon the principle of preventing a
party having knowledge of the just rights of another, from de-
feating such rights, and not upon the idea that the engagements
enforced create easements or·are of a nature to run with the
land."

This view leads to the making absolute of the order to show cause, and a preliminary injunction will be issued. Let the costs abide the event.

*Messrs. Bourgeois & Coulomb,* for the appellants.

*Messrs. Bleakly & Stockwell,* for the respondents.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Walker.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDEN-BURGH, CONGDON, WHITE, TREACY—12.

*For reversal*—None.