WILLIAM B. LOUDENSLAGER, respondent,

*v.*

PACIFIC IMPROVEMENT COMPANY, appellant.

[Decided October 14th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"I am satisfied that the several motions made herein to strike the bill from the files must be denied.

"On these motions counsel for defendants have measurably overlooked the requirement that the averments of the bill can alone be considered and that all such averments must be accepted as true.

"The restrictive covenants here in question provide that private dwellings only shall be built on the lots referred to in the bill, and that no portion of any building shall be erected on the lots within three feet of the rear dividing line of any lot, nor, except porches and steps, within eighteen feet of the front property line. Under the averments of the bill the building of defendants must be understood to be a hotel and the iron balconies described in the bill must be understood to be a part of the hotel building. These balconies, while not resting on the lots, extend over them; to that extent the lots are utilized for the hotel building. The balconies are also erected over the three feet ad-

jacent to the rear line of the lots, whereas the covenant restricts that territory unless the words 'rear dividing line' should be understood as referring only to rear lines which divide restricted lots. I am unable to discern any difference between building parts of a hotel on and extending parts of a hotel building over a tract of land on which a hotel cannot be built; nor am I able to discern, except in degree, any difference between extending parts of a hotel over land on which a hotel cannot be built ten inches and ten feet. Nor am I able to now determine that the ten-feet-high stone wall which the bill describes as running from the easterly side of the building to Stenton Place is not violative of the covenant contemplating that no building shall be erected nearer than eighteen feet from Stenton Place, that covenant specifically excepting only open porches or front verandas of buildings, which porches are permitted to extend not nearer than eight feet from Stenton Place, and steps or approaches from Stenton Place to porches or buildings, which steps or approaches shall be, like porches, free from lateral obstructions to view.

"Nor does the bill on its face disclose any unreasonable delay or inactivity on the part of complainant since knowledge of the alleged violations of the restrictive covenants came to him which has been in the slightest degree detrimental to any of the defendants. It is no part of the duty of a person who as purchaser of a lot has become entitled to enforce restrictive covenants to busy himself with the inspection of building plans filed with municipal authorities or to watch the progress of building operations in the anticipation that some one is planning to violate such covenants. When knowledge of proposed violations does in fact come to him it is his duty to act at once because, and only because, his failure to do so may occasion loss to others. If a building has been completed before complainant has ascertained that restrictive covenants have been transgressed, no sound reason can impose upon him the duty of immediate action; unreasonable delay on his part may then amount to laches, but the necessity of immediate activity to save defendants' loss does not then exist. The bill filed herein does not disclose knowledge on the part of complainant of defendants' purpose to violate restrictive covenants or any knowledge that restrictive covenants had been

violated until after the structures referred to in the bill had been fully completed. No unreasonable inactivity to defendants' detriment since that time is disclosed by the bill.

"I will advise an order denying the several motions to dismiss the bill."

*Mr. Norman Grey,* for the respondent.

*Messrs. Bourgeois & Coulomb,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK—13.

*For reversal*—None.