This matter comes before the court on motion for an order striking out the bill of complaint on the ground that the bill fails to state an equitable cause of action.
The bill is for the specific performance of a contract dated September 9th, 1927, between the complainants and defendant, whereby the complainants agreed to convey to the defendant the lands and premises described in said bill, by deed of full covenant and warranty, on or before October 10th, 1927 (which was continued to October 24th, 1927), in consideration of the sum of $225. The bill recites that the complainants have always been ready, willing and able, and now tender themselves ready, willing and able, to fulfill their contract upon receiving the purchase price, to convey said lands and premises to defendant by full covenant and warranty deed, and that the defendant has refused to accept said deed, or to pay the balance of the purchase price. The bill further recites that the complainants, anticipating a defense by the defendants, say "that defendant will urge that the complainants are not seized of a marketable title because of the fact that said lands and premises were conveyed to complainant Seymour J. Baum by Edmund Schaeffer and Bessie, his wife, by quit-claim deed dated September 30th, 1913, and recorded in the Bergen county clerk's office in liber 860, page 221," and "that at the time of said conveyance to said defendant" (apparently meaning complainant), "the said Edmund Schaeffer was seized in fee-simple of said premises and intended by said deed to convey his interest in said premises to the said complainant and said complainant paid a valuable consideration therefor," and "that at the time of the said conveyance your complainants executed and delivered their bond secured by a purchase-money mortgage to secure the payment of the sum of $220 to New York Homes Security, Incorporated, a corporation of the State of New York, which mortgage was dated September 30th, 1913, and recorded in the Bergen county clerk's office in liber 313, page 381. Said mortgage was payable in installments of $5 per month, and said complainants paid the same in full and said mortgage was duly canceled of record. Said mortgage recited that it *Page 195 
was a purchase-money mortgage," and "that their grantor, Edmund Schaeffer, was an officer of said New York Homes Security, Incorporated, the mortgagee; that he received the said moneys being the consideration for the conveyance, and that the cancellation of said mortgage was duly canceled of record by cancellation duly executed and proved, wherein it appears that Edmund Schaeffer, complainants' grantor, was treasurer of the said mortgagee. Subsequent to the delivery of the said deed said complainants went into possession of the said lands and premises and have occupied and have been in possession of same from the date of said deed to the present time," and "that during their occupancy and possession of said premises they paid the taxes of said premises and that their possession was at all times peaceable and undisputed, by reason whereof complainants allege that the said quit-claim deed has the effect of a bargain and sale deed, and that they are vested with the fee-simple title in and to said premises."
The prayer of the bill is (among other things) that the defendant may be compelled by the decree of this court specifically to perform the said agreement with complainants and to pay complainants the remainder of the purchase price on delivery by complainants to said defendant of a deed executed by said complainants as in said agreement provided, and also, that in case the said defendant should, within the time limited by this court for such performance of said contract, fail and neglect, upon the tender of said deed, to pay the said remainder of said purchase-money as aforesaid, that then and in that event the said sum, together with interest and costs, may be and become a lien upon the lands and premises in favor of the complainants, and that the said lands and premises may be sold under the direction of this court for the satisfaction of such lien so impressed on said lands and premises; and in case a deficiency should arise upon said sale, that the said defendant may be ordered by this court to pay said deficiency, together with interest and costs to the complainants.
Specific performance of a contract to purchase real estate will not be decreed if the marketability of the title depends *Page 196 
on the establishment of a fact, and that fact is in reasonable doubt. Doutney v. Lambie, 78 N.J. Eq. 277. To the same effect is Kohlrepp v. Ram, 79 N.J. Eq. 386, wherein this court held that equity will not compel a purchaser to specifically perform his contract of purchase, where there is a doubtful question of law or fact affecting the title of the vendor.
It will be observed, from the matters recited in the complainants' bill, that the complainants' title to the lands and premises which they contracted to sell to the defendant is derived though a quit-claim deed. Whether or not by virtue thereof the complainants acquired a fee-simple title to the lands and premises in question depends upon what effect this court, in a case properly submitted to it for adjudication, will give to such deed. In Meeks v. Bickford, 96 N.J. Eq. 321, it is held that a court of equity will give to a quit-claim deed the effect of a bargain and sale when the intention of the releasor, coupled with an interest in the property, for which a valuable consideration has been paid, is established by proof. In said case (at p. 324) the court of errors and appeals says that an examination of the cases shows that a court of equity will interfere and give the effect of bargain and sale deed to one of quit-claim where it appears (1) that the releasor had an interest in the land; (2) and intended to convey such interest to the releasee; (3) and it appears that a valuable consideration was paid therefor.
The case of Havens v. Seashore Land Co., 47 N.J. Eq. 365,
is cited. In the latter case it was held that a deed of quit-claim was sufficient to pass all the estate that the grantor could lawfully convey by bargain and sale; and (at p. 371) the court says: "When the granting clause of a deed is silent as to the estate intended to be conveyed resort may be had to thehabendum to ascertain the intention of the grantor in that regard. It cannot be used either to enlarge or diminish the estate specifically defined in the granting clause, for if it is repugnant to that clause it is void, but if that clause is either silent or ambiguous, then the habendum becomes the standard by which the estate granted must be measured." Citing with approval (at p. 372) the language of *Page 197 
Judge Hare, in his notes to Roe v. Tranmarr, Willes 682; S.C.,2 Wils. 75, wherein he says: "Any instrument which shows that a title was meant to be given in return for value received [will be] equally effectual with the most formal deed."
The same case (Havens v. Seashore Land Co., supra) holds that a deed which has failed of effect as a release, for want of an estate in possession in the releasee, may, if it is founded on a valuable consideration, be given effect as a bargain and sale. Particularly must such be regarded as the law where possession of the land described in the deed accompanies same. As stated by the court in Meeks v. Bickford, supra (at p. 325): "In New Jersey we have no statute relating to the matter. We are, therefore, to be controlled by what has been so forcibly and wisely expressed by Vice-Chancellor Van Fleet in the HavensCase, above cited, by the intention of the grant to be ascertained from the instrument itself or from the circumstances surrounding the transaction. For it is only with the aid of a court of equity, in a course to accomplish a just and equitable result, that the intention of the releasor, coupled with an interest in the property, for which a valuable consideration has been paid, that that court will give to a quit-claim the effect of a deed of bargain and sale."
It will be observed in the matter sub judice that such title (if any) as the complainants may have in and to the lands and premises in question must be established by proof in order to warrant this court in giving to the quit-claim deed, relied upon by the grantors as vesting them with title, the effect of a bargain and sale deed. Furthermore, the quit-claim deed itself must be offered in evidence in order to enable the court to determine the legal effect to be given thereto.
The complainants, by their bill, unwarrantedly anticipate, in my judgment, the defense which the defendant may interpose to the bill of complaint. The bill of complaint, in my judgment, does not set forth an equitable cause of action. Whether or not the cases of Meeks v. Bickford, supra, and Havens v. SeashoreLand Co., supra, may be strictly applicable to the form of deed by which complainants acquired title *Page 198 
(if any title was acquired thereby), will depend upon the proofs which the complainants may present to the court in a proper case. Chapter 293 of the laws of 1912 (P.L. 1912 p. 522), which is a supplement to an act respecting conveyances, Revision of 1898, may also be applicable to the complainants' aforesaid quit-claim deed, but its applicability can only be determined when such deed is before the court for consideration. It is not before the court in the case sub judice.
While the bill of complaint recites that the complainant Seymour J. Baum, at the time of entering into the contract with the defendant, was seized in fee-simple of the lands and premises in question, nevertheless the force of such allegation is minimized by a recital of anticipated defenses aforesaid, which clearly puts the defendant upon inquiry as to the marketability of the title in question.
I will advise an order striking out the bill of complaint on the ground that it fails to set out an equitable cause of action.