This suit is now before the court on a motion made by defendant Banta to dismiss the bill on the ground that it states no equitable cause of action.
The bill, in substance, says that complainant, the owner of a bus line, and being indebted to certain creditors, arranged to incorporate the bus line, to borrow certain moneys to pay the debts and to turn over stock of the corporation as security for the loan to be redeemed upon payment thereof.
The bill further alleges in substance that upon demand being made for the payment of the loan, a sum much in excess of the amount actually due was demanded from him as a condition of redemption. It further alleges that he tendered the sum actually due, which was refused and the stock was thereupon sold to another one of the defendants, who took with knowledge of complainant's rights. *Page 83 
Complainant further alleges that he has always been ready, willing and able to make good his tender of the amount asserted by him to be due and prays that he be allowed to redeem for such sum, together with other incidental relief, so as to restore thestatus quo.
Affidavits have been presented to the court in support and in contradiction of certain of the allegations of the bill. The defendants' counsel stresses the affidavit filed on behalf of complainant, which it is contended gives a variation of the transactions between the parties which serves to contradict the allegation of the bill that complainant was ready, willing and able to discharge the debt.
I do not see how the court can decide the issue on this aspect of the case on affidavits on the present motion, which is to strike the bill on the ground that it sets forth no cause of action.
By equity rule 67, demurrers are abolished and objections to the sufficiency of the pleadings are taken by motion.
On such motion as in the case of a demurrer, the averments of the bill can alone be considered and all such averments must be accepted as true. Loudenslager v. Pacific Improvement Co.,93 N.J. Eq. 218.
Under these circumstances, the motion to dismiss the bill must be denied and the matter proceed to final hearing. *Page 84