Complainant owns and operates the Riverton Country Club at Riverton, New Jersey. Its bill is a combination of a conventional bill to quiet title to lands and a bill for a declaratory judgment that the defendants have relinquished or lost any rights they may have had in those lands by reason of waiver or laches. *Page 438 
Complainant's lands were assembled by a corporation, "Riverton Country Club," in 1900 and 1901. Title was taken by three deeds, in each of which the following restrictive provision was inserted: "Subject nevertheless to the following covenants conditions, and restrictions. 1. That the said party of the second part, its successors, and assigns shall not at any time hereafter, make or sell or permit to be made or sold, on the lands and premises hereby conveyed or any part thereof, any spirituous, malt or intoxicating liquors, on pain of forfeiting the title thereto." Another restrictive provision, with which we are not presently concerned, was subjoined; it concerned the erection of buildings fronting on two public streets.
All of the grantors named in the three deeds are deceased. The defendants, as their heirs and devisees, claim a right of re-entry for condition broken.
The complainant, to advance its claim of waiver and laches, proved that alcoholic beverages were sold on the club premises from some time in 1933 until August 2d 1945; that on the latter date the State Department of Alcoholic Beverage Control, in a proceeding against the then owner for having sold such beverages illegally, seized its stock and its furniture, furnishings and automobile truck; that, for illegal possession or sale of alcoholic beverages in July, 1943, March, 1944, and August, 1945, the corporate owner and several of its officers and employees were indicted by the Burlington County grand jury and put upon trial; that the corporation and a steward were found guilty and were fined; that the personal property seized was declared forfeited; and, that all these occurrences were publicized by the newspaper published at Riverton. Complainant asserts that the defendants knew or should have known of the violations, the raid and arrests, the indictments, trials, fines, and forfeiture of property.
Complainant further established that the individuals who controlled Riverton Golf and Country Club, Inc., complainant's predecessor in possession, were not residents of the Riverton community and, by reason of said untoward happenings, decided to sell the club property; that several meetings were called and held to assemble a group of local residents *Page 439 
and acquire the club; that, as a result, $75,000 was paid for the club property, and improvements were made to the club house; that, thereafter, application was made to Riverton Borough Council for approval of a limited club license to sell alcoholic beverages; that public hearings were called and held thereon; that the Borough Council determined to submit the matter to the voters by referendum; that at the election held in November, 1946, the issuance of the license was approved, and that application for license was made to the State Department of Alcoholic Beverage Control, whereupon, one of the defendants, Elsie W. Thomas, and certain other individuals who had no interest in the country club lands, filed objections; that a hearing was had and a club license granted. Complainant also proved that these occurrences were given publicity in the local newspaper and that, until said objections were filed, no protest had been made by the defendants relative to past sales of alcoholic beverages upon the club premises or to the issuance of said licenses, and that, after filing said objection, Elsie W. Thomas served notice upon the complainant that if alcoholic beverages were sold upon the club lands under licenses granted by the State and the borough, she would enforce the forfeiture provision of said ancient deeds and take possession of the premises.
Seven heirs or devisees of the grantors in the three deeds were made defendants to this cause. However, at final hearing, the only defense witness to testify was Elsie W. Thomas. She is the widow of Joseph L. Thomas, an attorney and one of the original grantors. He prepared the three deeds. Mrs. Thomas frankly admitted that she knew of the interdiction in those instruments respecting manufacture or sale of alcoholic beverages, but denied that she had known of any violations thereof, or of the raid and confiscation, the indictments, trials and imposition of fines, or of the application by complainant for a municipal license, the public meetings, and the referendum.
The parties, complainant and defendant, disagree sharply as to the character and effect of the proscriptive provision quoted. Complainant maintains that it constituted a covenant personal to the grantors, and that it lost its vitality with *Page 440 
their death; the defendants insist that it was a condition subsequent. Joseph L. Thomas, in preparing the three deeds, chose to describe it and its subjoined provisions as "covenants, conditions and restrictions." Resolution of the question thus presented is of primary importance to a decision of this case.
Certain established rules are to be regarded in construing deeds containing restrictive provisions. First, it should be recognized that equity will not aid one man to restrict another in the uses to which he may put his land unless the right to such aid is clear, and that restrictive provisions in a deed are to be construed most strictly against the person or persons seeking to enforce them. Fortesque v. Carroll (Court of Errors andAppeals), 76 N.J. Eq. 583; 75 Atl. Rep. 923, and Bright v.Forest Hill Park Dev. Co. (Court of Chancery), 133 N.J. Eq. 170; 31 Atl. Rep. 2d 190, and authorities collected on page 180 of the state report. When it is doubtful whether a provision in a deed is a covenant or a condition, the courts will incline against the latter construction. 4 Kent's Com. 132.
"Conditions subsequent, epecially when relied upon to work a forfeiture, must be created by express terms or clear implication, and are strictly construed." Woodruff v.Woodruff (Court of Chancery), 44 N.J. Eq. 349, 353;16 Atl. Rep. 4; Woodruff v. Trenton Water Power Co. (Court of Errorsand Appeals), 10 N.J. Eq. 489, 508. And, where there is a reasonable doubt as to the meaning of their words, the circumstances which surrounded the parties when the deeds were executed may be taken into consideration in determining their intent. 14 Am. Jur., Covenants, Conditions and Restrictions, §211.
Above all, the expressed intention of the parties is to be determined, and if by law it may, is to be given effect. In looking for the intent, the instrument is to be viewed and construed as a whole and, where possible, its various parts are to be reconciled. Significance is to be given to every word, clause and expression, where that is reasonably possible and, if they prove to be inconsistent, words and provisions which have been inserted are to be regarded over formal, printed parts. Finally, when, as here, the deed was prepared by one skilled in conveyancing, words having a well defined *Page 441 
technical meaning are to be given that meaning. 26 C.J.S.,Deeds, §§ 85, 86, 87 and 116.
With these principles and rules before us, let us further examine the evidence. When the three deeds were executed, the grantors owned other lands in or near Riverton. The home property of Joseph L. Thomas, now the residence of the defendant Elsie W. Thomas, adjoined lands conveyed; to the west of the lands conveyed was land known as the "Thomas Tract," under development by the grantors as a residential district. Joseph L. Thomas also prepared the deeds for the conveyance of lots in that tract; the restrictive provision here in question was not inserted therein.
A witness for the complainant, a member of its club, testified that at one time (the exact date was not fixed), Joseph L. Thomas came to know of the then current practice of dispensing alcoholic beverages in the club house to members who purchased coupons. Mr. Thomas, the witness said, was playing a round of golf when one of his foursome remarked that "the 19th hole" had become popular since inauguration of the system. Mr. Thomas, the witness added, said that he was "worried" about it because "of a clause in a deed." Complainant relies upon this testimony to establish a waiver by Mr. Thomas and to bar Mrs. Thomas from asserting a right of a reverter. It should be remarked that complainant alleged in its bill that Mrs. Thomas obtained that right not only by a devise of her husband but also by a devise from his sister, another original grantor, and that there is no proof that the alleged statement was communicated to the complainant and acted upon.
In Ocean City Association v. Chalfant, 65 N.J. Eq. 156,
Vice-Chancellor Reed said: "It is only when the person in whom the right to enforce the covenant resides has permitted such infringement of its provisions as results in alterations that cannot be corrected, or which it is manifest there is no intention to have corrected, that he is precluded from further enforcing the covenant." See, also, Woodbine Land andImprovement Co. v. Riener (Court of Chancery), 72 N.J. Eq. 787; 65 Atl. Rep. 1004. And, in an opinion of Vice-Chancellor Leaming which was adopted by the Court of Errors *Page 442 
and Appeals in Loudenslager v. Pacific Improvement Co.,93 N.J. Eq. 218; 115 Atl. Rep. 752, it was declared: "`* * * It is no part of the duty of a person who as purchaser of a lot has become entitled to enforce restrictive [building] covenants to busy himself with the inspection of building plans filed with municipal authorities or to watch the progress of building operations in the anticipation that some one is planning to violate such covenants. * * *'"
The testimony relative to a remark of Mr. Thomas was most indefinite and unsatisfactory. There are inherent weaknesses in this character of testimony which have received general recognition. This kind of testimony is dangerous, first, because it may be misapprehended by the person who hears it; secondly, it may not be well-remembered; thirdly, it may not be correctly repeated. Bankers Trust Co. v. Bank of Rockville, c. (Courtof Errors and Appeals), 114 N.J. Eq. 391, 400;168 Atl. Rep. 733. In the circumstances proven, the alleged statement of Joseph L. Thomas should be given little, if any, weight, and most certainly could not be given the effect proposed by the complainant.
The restrictive provision is so clearly and certainly expressed that I cannot escape the conclusion the parties understood and intended its prohibition to extend indefinitely into the future. I am also convinced by the proofs that the grantors inserted it to assure themselves that the golf and country club, then about to be established in proximity to other lands owned by them and in the vicinity of some of their homes, would not be or become a gathering place for individuals partial to the use of intoxicants. One may disagree with their point of view and their proscription, but it is the law that a grantor may legally impose such an interdiction as a condition of his sale and conveyance.Pancho Realty Co. v. Hoboken Land and Improvement Co. (Courtof Errors and Appeals), 132 N.J. Eq. 15; 25 Atl. Rep. 2d862; Trenton Potteries Co. v. Blackwell, 137 N.J. Eq. 113;43 Atl. Rep. 2d 831. And, see, 4 Kent's Com. 122, 123.
Who shall say that the presence of the restrictive clause in the chain of title did not materially reduce the consideration price paid by the complainant? If it did, it would be most *Page 443 
inequitable to permit complainant to challenge its efficacy.Sailer v. Podolski (Court of Chancery), 82 N.J. Eq. 459,465; 88 Atl. Rep. 967; Pancho v. Hoboken Land and ImprovementCo., supra. In the first of the three original deeds, the consideration is stated in these words: "Witnesseth that the said party of the first part for and in consideration of thecovenants hereinafter set forth and the further sum," c. Then, following the two restrictive clauses described, appear these words: "And the said party of the second part hereby covenants and agrees that it will as part of the consideration hereinbefore expressed at its own proper cost, charge and expense, grade, open and place in condition for public use the above named High Street, by this conveyance dedicated to public use." The warranty clause of the deed reads: "Shall and Will subject asaforesaid warrant and forever defend." (Italics supplied.) Furthermore, the restriction was to bind not merely the immediate grantee but also "its successors and assigns;" and not simply for the lives of the grantors, but for all time.
True it is, as the complainant says, that it is proper and not unusual in deeds conveying conditional fees to specify that a right of reverter for breach of condition subsequent shall run to the grantor and to his heirs. It is equally true, however, that it is not necessary to include such a specification to assure that result. The very act of conveying a fee on condition subsequent with title forfeiture the penalty for breach or non-performance, creates a possibility of a reverter to the grantor and to his heirs. 23 R.C.L. 1103; Fayette County Boardof Education v. Bryan (Court of Appeals of Kentucky),91 S.W. Rep. 2d 990; O'Brien v. Wagner (Sup. Court ofMissouri), 7 S.W. Rep. 19. See, also, Cornelius v. Ivins,26 N.J. Law 376; Southard v. The Central Railroad Co.,26 N.J. Law 13, and Ninth Street Pier Co. v. Ocean City (Court ofChancery), 109 N.J. Eq. 366; 157 Atl. Rep. 568.
Another contention of the complainant is that the defendants have "no privity of estate, since they own no other property that the covenant was made to benefit." Such ownership is not a prerequisite to the enforcing of a right of re-entry *Page 444 
for violation of a condition subsequent. That right remains in the grantor when an estate on condition subsequent is created by deed, and it passes to his heirs upon his death intestate, even when they have not been expressly designated to take.33 Am.Jur., Life Estates, Remainders, c., §§ 207, 208 and 209. See, also, Board of Education of West Paterson v. Brophy, 90 N.J. Eq. 57; 106 Atl. Rep. 32; Carpender v. City of New Brunswick,135 N.J. Eq. 397; 39 Atl. Rep. 2d 40; Ninth Street PierCo. v. Ocean City, supra; Southard v. Central Railroad Co.,supra; Blackwood Improvement Co. v. Public Service Corp.,91 N.J. Eq. 220; 109 Atl. Rep. 820; Cornelius v. Ivins, supra.
The widow of Joseph L. Thomas owns and occupies their homestead, the lands of which adjoin land conveyed by Mr. Thomas and the other grantors. She claims a right of reverter by reason of devises by Mr. Thomas and by his sister Mary L. Thomas, also a grantor. The defendants Marion Bailey Gerdes and Georgeann Thomas base their claim on devises by grantors Howard Haines Thomas and Walter Thomas. Mary Conrow Meyer claims by reason of the provisions of the will of her father Walter Thomas. At common law the right to assert a forfeiture for violation of a condition subsequent could not be assigned by deed or will, but, by the Act of March 14th, 1851 (P.L. 1851 p. 282), now R.S. 46:3-7, such a right is assignable. Ninth Street Pier Co. v. Ocean City,supra. And, see, Cornelius v. Ivins, supra, and Southard
v. Central Railroad Co., supra.
The complainant argues further that the restrictive provision "is not part of a general scheme of restrictions." Complainant assumes that the restrictive clause, to be available to the defendants, must have been a part of a neighborhood scheme of restrictions. I do not so understand the law. The conveyances were made upon conditions subsequent and the inhibition and the penalty are stated in clear and unequivocal terms. The cases cited by complainant dealing with neighborhood schemes, so called, are not apt to the instant situation.
Complainant's contention that if the granting clause in a deed is contrary to the habendum, the granting clause will prevail, generally speaking, states an ancient legal rule. But *Page 445 
such is not the modern concept. As I have already said, the intent of the parties, expressed in the deed as a whole, must, if legal, govern. Havens v. Sea Shore Land Co., 47 N.J. Eq. 365;20 Atl. Rep. 497; Baum v. Canter, 102 N.J. Eq. 193;140 Atl. Rep. 226; Trenton Potteries Co. v. Blackwell, supra; Cadgene
v. Cadgene, 17 N.J. Mis. R. 332; 8 Atl. Rep. 2d 858;
affirmed, 124 N.J. Law 566; 12 Atl. Rep. 2d 635; Lee v.Pennsylvania-Reading Seashore Lines (Court of Chancery),129 N.J. Eq. 530; 20 Atl. Rep. 2d 71. In the deeds before the court, the habendum clause is of the common type and was undoubtedly a part of the printed form employed. However that may be, the restrictive provision and the forfeiture clause were specially worded and inserted, and must be taken to express the intent of the parties over mere formal or printed matter.
More important even than the technical considerations just discussed, I think, are the following circumstances: The complainant corporation first came to own the country club lands June 27th, 1921. It held title thereto until July 9th, 1943, when they were purchased at foreclosure sale by the mortgagee and immediately conveyed to "Riverton Athletic Club;" subsequently the grantee changed its name to "Riverton Golf and Country Club, Inc." The complainant re-acquired the property April 1st, 1946. Its last deed of conveyance did not contain the restrictive and penalty provision in question but, in the deed by which it originally took title, we find this significant clause: "Subjectnevertheless to all of the covenants, conditions and restrictions in the said deeds [the three original deeds] mentioned and set forth." And in the deed to Riverton Athletic Club we find this statement: "Under and subject, nevertheless, to the covenants, conditions and restrictions contained and set forth in a certain deed from Riverton Country Club to The Riverton Country Club [complainant], dated June 27th, A.D. 1921, and of record in the office of the Clerk of Burlington County in Book 586 of Deeds, at page 445." Thus the complainant had full notice of the condition subsequent and of the penalty for breach, and it is immaterial that its second deed did not advise it of that of which it was already informed. R.S. 46:21-1; *Page 446 Mitchell v. D'Olier (Court of Errors and Appeals),68 N.J. Law 375, 384; 53 Atl. Rep. 467; 59 L.R.A. 949; Pancho Realty Co.
v. Hoboken Land and Improvement Co., supra.
Have the defendants lost their right to claim a forfeiture of title if the complainant again violates the condition subsequent? The rule is well established that a right to assert a forfeiture for breach of a condition subsequent may be waived by conduct of the party enjoying the right, and that a waiver may be inferred from neglect to assert the right in a reasonable time after termination of the estate. Ninth Street Pier, c., v. OceanCity, supra. But, the complainant is not, in a court of conscience, in the most favorable position to argue the affirmative of the question it poses. Primarily, it bases its argument upon the fact, which it established herein, that from some time in 1933 until July 9th, 1943, alcoholic beverages were sold in its club house by its employees without benefit of license. Complainant would now advantage itself of its own wrongdoing. Furthermore, the complainant, with full knowledge of the restriction and penalty clause in the chain of title, solicited funds, purchased the club property, expended moneys for improvements, and then applied for a municipal and state licenseto sell alcoholic beverages. It declared in its bill of complaint, and it presently urges, that the service of alcoholic beverages is considered "a vital adjunct to the successful operation of the club." It sold intoxicants in the club house when it previously owned the property, and yet lost title by foreclosure of mortgage. If, when it was repurchasing, it considered the sale of alcoholic beverages vital to the successful operation of the club, it obviously gambled on the chance of obtaining licenses and the chance that the defendants would make no objection to such sales.
Where, as here, the owner of land has lawfully restricted the use to which the land may be put, and the land is subsequently conveyed, or sold, or passes to one who has actual or constructive notice of such restriction, the grantee takes the land bound by the limitation, and may be restrained in equity from violating it, at the suit of the original covenantee or of any other person who has a sufficient equitable interest, *Page 447 
although perhaps without any legal interest, in such performance. "It makes no difference whatever, with respect to this equitable liability, and this right to enforce the covenant in equity, whether the covenant is or is not one which in law `runs with the land.'" Pom. (5th ed.), § 1295. Cotton v. Cresse (Courtof Errors and Appeals), 80 N.J. Eq. 540; 85 Atl. Rep. 600; 49L.R.A. (N.S.) 357.
The position taken by the defendants, or some of them, when they learned that the complainant had obtained a municipal license to sell alcoholic beverages and was applying for a state license, deserves comment. Complainant did not charge in its bill, and it does not now claim, that it is threatened with forfeiture of its title for past sales of intoxicants on the club premises. Its bill asserted that the defendants claimed a right of forfeiture "if and when any spirituous, malt or intoxicating liquors are sold" upon the club premises under the municipal andstate licenses. (Italics supplied.)
Complainant, however, not only argues that the defendants stood by and permitted the sale of alcoholic beverages at the club, but also the purchase and improvement by complainant of the club property, when they knew or should have known of violations of the restriction. There is no evidence whatever in this case that the defendants, or any of them, had actual knowledge of the facts or circumstances relied upon by complainant. Furthermore, one of the defendants is an infant and, consequently, not to be barred by her defense by waiver or laches (Quick's Ex'rs v. Fisher
(Court of Errors and Appeals), 9 N.J. Eq. 802, 806; Stroebel
v. Jefferson Trucking and Rigging Co. (Court of Errors andAppeals), 125 N.J. Law 484; 15 Atl. Rep. 2d 803; Obert
v. Obert (Court of Errors and Appeals), 12 N.J. Eq. 423,429; Smith v. Drake (Court of Chancery), 23 N.J. Eq. 302,305; Scheel v. Jacobson (Court of Errors and Appeals),112 N.J. Eq. 265, 268; 164 Atl. Rep. 270), several of the defendants reside in Washington, District of Columbia, and only one or two reside in the neighborhood of the club property. Elsie W. Thomas, the only defendant to testify, categorically denied that she knew of any sales of alcoholic beverages on the club premises or of any of the associated happenings. She appeared to me to be a truthful witness; I accept her testimony. *Page 448 
"Laches involves more than mere delay, mere lapse of time. To deserve that category, the delay must be for a length of time which, unexplained and unexcused, is altogether unreasonable under the circumstances, and has been prejudicial to the party asserting it or renders it very doubtful that the truth can be ascertained and justice administered." Stroebel v. JeffersonTrucking and Rigging Co., supra. There has been no satisfactory proof of a waiver, of unreasonable delay in asserting rights, or that anything prejudicial to the complainant resulted from such delay as occurred in bringing this suit.
A decree dismissing complainant's bill must be advised. *Page 449