163 N.J. Super. 308 (1978)
394 A.2d 896
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
M. GENEVIEVE FULLERTON NIEDER, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1978.
Decided November 3, 1978.
*310 Before Judges CONFORD, PRESSLER and KING.
Mr. R. Dale Winget argued the cause for appellant (Messrs. Winget & Keating, attorneys; Mr. John R. Lanza on the brief).
Mr. Robert H. Kraus argued the cause for respondent (Messrs. Read, Lieb, Kraus & Grispin, attorneys).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal poses a relatively narrow question regarding the respective rights to a fund in court as among the insured mortgagor, her attorney and the mortgagee. The trial judge held that the fund was first subject to an attorney's lien and that the balance thereof was payable to the mortgagee. Both mortgagor and mortgagee appeal. We affirm.
*311 This controversy has a long and tortuous procedural history which does not require detailed recitation. It suffices to say that plaintiff First Federal Savings & Loan Association (First Federal) succeeded to the rights of Mercury Federal Savings and Loan Association, which had lent defendant Nieder $22,800 in 1963 on the security of mortgages on two separate parcels of improved real estate owned by her and insured against fire pursuant to the mortgage requirement by Royal Indemnity Insurance Company. In 1966 the improvements were damaged by fire. The fire loss claims of both Nieder and the mortgagee were rejected by the carrier, who claimed that coverage had been cancelled before the fire. They both accordingly sued the carrier and its agents to enforce their respective contractual rights. The mortgagee settled its claim for $500. Nieder's suit was dismissed on a motion for summary judgment, her appeal therefrom finally culminating in the Supreme Court's opinion in Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229 (1973), which remanded the matter for a plenary trial against both the carrier and the agents. That trial resulted in a jury verdict in Nieder's favor in the amount of $9,000 against the carrier and its agents jointly and severally. It is the disposition of that sum which is in issue here, the claim thereto of the mortgagee deriving from its foreclosure of the mortgages during the pendency of these proceedings and its ultimate deficiency judgment against Nieder for the balance due on the original loan.
The initial disposition of the $9,000 fund made by the trial judge was in favor of Nieder subject to the lien of her attorney. First Federal appealed, and in an unreported opinion under Docket No. A-1824-73 we remanded for a plenary hearing. Our ratio decidendi was that while the deficiency amount could not constitute a prior lien against Nieder's $9,000 recovery since it had not at that point yet been reduced to judgment, there was nevertheless a question as to whether First Federal had a prior right to the fund under a trust theory by reason of the provision of the mortgages *312 requiring Nieder to keep the property insured for its benefit. On the remand the trial judge concluded that after payment of the attorney's lien First Federal was entitled to the fund since "the fire insurance coverage was for its benefit to the extent of the mortgage debt, wholly apart from its claim against the fire insurance company under the mortgage clause. It settled that claim and credited the mortgagor with the amount of the settlement."
Nieder, on her appeal from that portion of the judgment (she concurs in the attorney's lien priority holding), argues that while the trust theory might ordinarily dictate the result here reached, First Federal should be barred from recovery by reason of the equitable doctrines of estoppel, laches or waiver, applied either singly or in combination. The conduct of First Federal on which she relies in urging the applicability of all of these doctrines was its early and relatively nominal settlement of its direct right against the insurer and its failure, during Nieder's ensuing legal travails, to warn her that it would be waiting with hand outstretched at the end of the road.
While we appreciate the consternation which Nieder must feel at this point and the sense she must have that her perseverance has earned her only a Pyrrhic victory, nevertheless we fail to perceive any equitable or legal basis on which the mortgagee can be deprived of its essential subrogee status in respect of the fund in question.
First, it is clear that neither the doctrine of estoppel nor laches can provide a viable defense here since both of them require as an operative requisite that the party claiming the benefit thereof must have prejudicially relied on the conduct complained of. See, e.g., as to estoppel 3 Pomeroy's Equity Jurisprudence (5 ed. 1941), § 804 at 189. See also, Highway Trailer Co. v. Donna Motor Lines, Inc., 46 N.J. 442, 449 (1966) cert. den. sub nom. Mount Vernon Fire Ins. Co. v. Highway Trailer Co., 385 U.S. 834, 87 S.Ct. 77, 17 L.Ed. 2d 68 (1966). And see, e.g., as to laches, 2 Pomeroy's, op. cit., § 419 at 171-72. See also, Allstate v. Howard *313 Savings Inst., 127 N.J. Super. 479, 489 (Ch. Div. 1974); The Riverton Country Club v. Thomas, 141 N.J. Eq. 435, 448 (Ch. Div.), aff'd o.b. 1 N.J. 508 (1948). Since, however, Nieder owed the adjudicated deficiency, had undertaken to protect First Federal in respect of the underlying obligation by insuring the property for its benefit and, moreover, is receiving full credit for the proceeds of this recovery, we are unable to perceive any prejudice resultant to her. The waiver doctrine is equally inapplicable. There is nothing in this record to support the finding of a clear, intentional and unequivocal act by First Federal relinquishing its right to recover the insurance proceeds derivatively through Nieder even though it settled its own direct claim against the carrier. Cf. West Jersey Title & Co. v. Industrial Trust Co., 27 N.J. 144, 152 (1958).
Finally, Nieder claims the inapplicability of the trust theory to that portion of the fund ($4500) contributed by the agent whose liability to her was founded in tort rather than contract. We are constrained to reject that argument for two reasons. First, the carrier's adjudicated obligation to plaintiff was joint and several. That obligation, therefore, vis-a-vis plaintiff's, cannot be fundamentally affected by any private payment arrangement it may have made with its agents. Furthermore, whatever the legal theory underlying the obtaining of the recovery, the recovery itself nevertheless represents and is coextensive with the contract claim against the carrier.
With respect to First Federal's appeal from that portion of the order subordinating its rights to the attorney's lien, we are satisfied that that result under these circumstances was dictated by the reasoning of the Supreme Court in Hedgebeth v. Medford, 74 N.J. 360, 368-370 (1977). And see Klacik v. Kovacs, 111 N.J. Super. 307 (App. Div.), certif. den. 57 N.J. 237 (1970). Since First Federal is in effect subrogated to Nieder's right to the insurance proceeds to the extent of the mortgage debt, it stands in her shoes as well with respect to the lien of her attorney. In the factual *314 complex here presented it would be unconscionable to permit First Federal to take the fund without bearing the legal expense incurred in creating it. Columbia Ins. Co. v. Artale, 112 N.J. Eq. 505 (Ch.), aff'd o.b. 114 N.J. Eq. 268 (E. & A. 1933), is distinguishable on its facts.
Affirmed.